UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASETEK DANMARK A/S,<br><br>  Plaintiff,<br><br>  v.<br><br>SHENZHEN APALTEK CO., LTD., et al.,<br><br>  Defendants. | **ORDER GRANTING MOTIONS TO DISMISS**<br><br>Case No. 22-cv-06179-WHO<br><br>Re: Dtk. No. 89 |
| SHENZHEN APALTEK CO., LTD and GUANGDONG APALTEK LIQUID COOLING TECHNOLOGY CO., LTD.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ASETEK DANMARK A/S,<br><br>  Defendant. | Case No. 23-cv-01079-WHO<br><br>Re: Dkt. No. 30 |

Currently before me are motions to dismiss filed by Asetek's Danmark A/S ("Asetek") in each of these two related actions.[1]  Shenzhen Apaltek Co., Ltd., a/k/a Shenzhen Ang Pai Technology Co., Ltd. and Guangdong Apaltek Liquid Cooling Technology Co., Ltd., a/k/a Guangdong Ang Pai Liquid Cooling Technology Co., Ltd., or Dongguan Apalcool (collectively, "Apaltek") are not prejudiced because Asetek has provided an expanded covenant not-to-sue in addition to its dismissal of its affirmative claims with prejudice.  For the reasons explained below,

---

[1] I find these matters suitable for determination on the papers pursuant to Civil Local Rule 7-1(b) and the June 7, 2023 hearing is VACATED.

both motions are GRANTED and the two related cases are DISMISSED with prejudice.

**BACKGROUND**

On May 14, 2021, Asetek's Danmark A/S ("Asetek") filed a complaint in the U.S. District Court for the Western District of Texas ("WDTX"), alleging patent infringement and damages against Apaltek. Case No. 22-06179-WHO, Dkt. No. 1 ("Asetek Compl.").[2] The WDTX transferred the case to this District, and the case was opened here on October 24, 2022. On February 28, 2023, during a status conference, Asetek advised me that it intended to file a motion to dismiss with prejudice and I directed Asetek to file that motion within 30 days. Case. No. 22-06179-WHO, Dkt. No. 88.

On March 10, 2023, Apaltek filed its own, declaratory relief action in this District against Asetek, seeking a declaration that it did not infringe the four patents asserted against it in Asetek's complaint, plus five additional patents (U.S. Patent Nos. 9,733,681, 10,078,354, 10,613,601, 11,287,861, and 11,287,862). Case No. 23-01079-WHO, Dkt. No. 1 at 2 ("Apaltek Compl."). Apaltek's request for declaratory relief was based primarily on the threat of future litigation. *Id.* at 4.

On March 31, 2023, Asetek filed its motion to voluntarily dismiss its affirmative complaint with prejudice under Fed. R. Civ. P. 41(a)(2). Case No. 22-06179-WHO, Dkt. No. 89 ("Asetek's Mot. to Dismiss 22-06179 Case" or "22-06179 Mot."). In support of its motion, Asetek attached a copy of a covenant-not-to-sue that it sent to Apaltek's counsel on February 17, 2023.[3] 22-06179 Mot., Ex. 2. Asetek argued that under Federal Rule of Civil Procedure 41(a)(2), it was entitled it to voluntary dismissal as a matter of law. It also argued, in the alternative, that dismissal was required as the covenant provided to Apaltek eliminated any justiciable controversy between the

---

[2] Asetek alleged the Apaltek defendants infringed the following patents: 8,240,362, 8,245,764, 10,078,355, and 10,599,196. Asetek's Compl. at 1. These four patents will expire in January or May of 2025. *See* Declaration of Robert F. McCauley (Dkt. No. 89-2) at ¶ 5.

[3] Asetek's covenant states that Asetek "unconditionally and irrevocably covenants to refrain from making any claim(s), or demand(s) against Apaltek Defendants or any of their customers, resellers, or distributors (collectively, the Covenanted Parties) for infringement of any claim . . . [related] to U.S. Patents Nos.8,240,362; . . . 8,245,764 dated November 8, 2021[,]" and 8,240,362; 8,245,764; 10,078,355; and 10,599,196"or "any product not more than colorably different from said products." 22-06179 Mot., Ex. 2.

parties under the Supreme Court's decision in *Already, LLC, v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). Asetek explained that it provided the covenant and moved for voluntary dismissal in an effort to avoid further litigation costs in light of an adverse ruling regarding some of the same patents in this case, issued on September 11, 2022, by the Honorable Edward M. Chen in *Asetek Danmark A/S v. CoolIT Systems Inc., et. al.*, Case No. 19-00410-EMC ("*CoolIT* case"). *See* 22-06179 Mot. at 2.

On April 3, 2023, Asetek filed a motion to dismiss Apaltek's declaratory relief action. It argued that Apaltek's declaratory judgment claim should be dismissed for lack of service under Federal Rule of Civil Procedure 12(b)(5) and because its covenant-not-to-sue Apaltek mooted any justiciable action in that case. Case No. 23-01079-WHO, Dkt. No. 11 ("Asetek Mot. to Dismiss 23-01079 Case" or "23-01079 Mot. 1").

On April 14, 2023, Apaltek filed an opposition to Asetek's voluntary motion to dismiss in Case No. 22-06179, contending that the case should not be dismissed unless dismissal is with prejudice and unless dismissal included a judgment of non-infringement in Apaltek's favor. Case No. 22-cv-06179-WHO, Dkt No. 92 ("Apaltek's 22-06179 Oppo.") at 1. Apaltek asserts that it is entitled to a judgment of non-infringement to foreclose the possibility of future lawsuits regarding Asetek's patent families. *Id.*

On April 17, 2023, Apaltek filed a First Amended Complaint for declaratory judgement in Case No. 23-01079 and an opposition to Asetek's motion to dismiss. Case No. 23-01079-WHO, Dkt. 22 ("Apaltek's FAC" or "FAC"); Dkt. No. 23 ("Apaltek's 23-01079 Oppo. 1). In its FAC, Apaltek added allegations regarding Judge Chen's decision in *CoolIT*. Apaltek FAC ¶¶ 7, 20. In its opposition, Apaltek argued that the motion was mooted by its filing of the FAC, and also maintained that there was still an "actual and justiciable controversy" between the parties supporting its claim for declaratory judgment, because it was not clear that the dismissal of Asetek's affirmative action adequately shielded Apaltek from the "cloud of threatened litigation." Apaltek's 23-01079 Oppo. 1 at 2.

On April 21, 2023, Asetek filed a reply in support of its voluntary dismissal, attaching a revised covenant-not-to-sue aimed at addressing Apaltek's continued concerns about future

3

litigation.[4] Case No. 22-06179-WHO, Dkt. No. 94 ("Asetek's 22-06179 Reply"). On April 28, 2023, Apaltek objected to Asetek's reply and its inclusion of a revised covenant-not-to-sue, and sought leave to file a sur-reply. Case No. 22-06179-WHO, Dkt. No. 95 ("Apaltek's Objection and Mot. for Leave to File Sur-Reply" or "Proposed Sur-Reply"). In its proposed sur-reply, Apaltek argues that, under Civ. L. R. 7-3(d)(1), Asetek's revised covenant is improper because Asetek did not have leave of court to submit additional evidence and because the covenant itself would not extinguish the controversy in the original case. Proposed Sur-Reply, Ex. A at 1. Apaltek states that dismissal without a judgment in their favor is unwarranted because they remain open to future litigation as the covenant would not run with the patents (*i.e.*, Asatek could simply sell the patents and Apaltek would be at risk again). *Id.*

On May 1, 2023, Asetek filed a new motion to dismiss Apaltek's FAC. It alleged that Apaltek failed to properly serve the declaratory relief action and (reiterating an argument raised in the previous opposition) that under *Already, LLC.*, the revised covenant eliminates any justiciable controversy. Case No. 23-01079-WHO, Dkt. No. 30 ("Asetek Mot. to Dismiss FAC 23-01079 Case" or "23-1079 Mot. 2").

On May 15, 2023, Apaltek filed its opposition to the motion to dismiss the FAC in its declaratory relief action, arguing that "Apaltek remains under a cloud of threatened litigation" given that the revised covenant failed to expressly state that Apaltek's products "no longer infringe" and because Asetek's covenant would not run with the patents. Case No. 23-01079-WHO, Dkt. No. 31 at 1 ("Apaltek's 23-01079 Oppo. 2"). On May 22, 2023, Asetek filed a Reply in support of its motion to dismiss Apaltek's FAC in the declaratory relief action, arguing that the revised covenant is sufficient to moot the controversy. Case No. 23-01079-WHO, Dkt. No. 33 ("Asetek's 23-1079 Reply").

---

[4] In an effort to address Apaltek's concerns over future litigation, the expanded covenant included protections for Apaltek from suit by Asetek's "affiliates," expanded the coverage to all nine patents included in the declaratory relief action and described the scope of control of the patents. Asetek's Reply, Ex. 3.

4

# LEGAL STANDARD

## I. FED. R. CIV. P. 41(A)(2)

Federal Rule of Civil Procedure 41 provides:

> (a) Voluntary Dismissal.
> . . .
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Under Fed. R. Civ. P 41(a)(2), "any action may be dismissed at the plaintiff's request only by court order." The Ninth Circuit has held that the district courts have sound discretion to exercise an order granting dismissal and such an order would "not [be] subject to reversal" absent abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Leches*, 263 F.3d 972, 975 (9th Cir. 2001). "[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). In addition, "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* at 97.

## II. ARTICLE III "ACTUAL" CONTROVERSY

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC.*, 568 U.S. at 726–27 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Where a plaintiff has issued a covenant-not-to-sue, a "case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful conduct cannot reasonably be expected to recur." *Id.* at 729.

Moreover, for a district court to maintain subject matter jurisdiction, the Supreme Court has "held that an 'actual controversy' must exist not only 'at the time of the complaint is filed,' but through 'all stages' of litigation. *Id.* at 726 (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)).

## DISCUSSION

### I. ASETEK'S MOTION FOR VOLUNTARY DISMISSAL OF CASE NO. 22-CV-06179

Apaltek has not shown that it will face plain legal prejudice if this case is dismissed with prejudice. *Smith*, 263 F.3d at 975; *Westlands Water District*, 100 F.3d at 96–97. While Apaltek contends that I should not dismiss without an order finding non-infringement of all nine Asatek patents, it fails to provide any sound legal basis for that request. Apaltek argues that it is entitled to an express order of non-infringement because the threat of future litigation associated with these actions supports foreclosing any suit over Asetek's patents in the future. But the Ninth Circuit has explained that "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands Water District*, 100 F.3d at 96. Apaltek's concern over future litigation cannot justify denying Asatek's motion for voluntary dismissal.

Apaltek also argues that if dismissal is granted, it should be entered with an express finding that Apaltek was the prevailing party, to preserve its right to recover costs and move for attorney fees. Apaltek's Oppo. 1 at 1–2. Asetek does not dispute that Apaltek can move for costs after the case is dismissed. Asetek's 22-06179 Reply at 2. Once this case is dismissed, if Apaltek believes it has grounds to file a motion for attorney fees, it may do so.

Asetek's motion for voluntary dismissal with prejudice is GRANTED.

### II. ASETEK'S MOTION TO DISMISS CASE NO. 23-01079

As the Supreme Court has explained, where a plaintiff has issued a covenant-not-to-sue, a "case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful conduct cannot reasonably be expected to recur." *Already, LLC.*, 568 U.S. at 94. Asetek issued a revised covenant-not-to-sue that expressly states:

> Asetek Danmark A/S its Affiliates unconditionally and irrevocably covenant[s] to refrain from making any claim(s) or demand(s) against the Apaltek Defendants or any of their Affiliates, customers, resellers, or distributors for infringement.

Asetek's Reply 1 Ex. 3. I am satisfied that it is absolutely clear that the allegedly unlawful conduct cannot reasonably be expected to recur, and the case is moot.

In *Already, LLC.*, Nike, Inc. ("Nike") sought to voluntarily dismiss its claims with prejudice under Fed. R. Civ. P. 41(a)(2) after issuing a covenant-not-to-sue to the alleged infringer. 568 U.S. at 89. Already, LLC. ("Already") opposed dismissal, arguing that the covenant had not fully mooted the controversy. *Id.* Already introduced evidence, including an affidavit from its president, claiming that it planned to develop and market more products that could potentially infringe and three affidavits of investors who said they would not invest in the company unless the Nike trademarks were invalidated. *Id.* But the Supreme Court found that the case was mooted by the covenant: Nike met its burden of showing that "the covenant [encompassed] all of [the] allegedly unlawful conduct" challenged in its complaint and Already, despite introducing affidavits in support of its opposition, "had failed to indicate it would [engage] in . . . or [had] sufficiently concrete plans to engage in activities that [were] not covered by the covenant." *Id.* at 94.

Apaltek opposes Asetek's motion for an almost identical reason as Already did. Like Already, Apaltek fails to produce any evidence to show the case would not be mooted under the current covenant. *See generally* Apaltek's 23-01079 Oppo. 2. It does not show that it plans to engage in further activities that would not be covered by the covenant. Under *Already, LLC.*, Asetek has met its burden of demonstrating that the covenant's breadth moots the case while Apaltek has failed on its burden of showing that it "has concrete plans to engage in activities not covered by the covenant." *Already, LLC.*, 568 U.S. at 94. Given the covenant, Judge Chen's order in *CoolIT* (that Asetek's admits was unfavorable to its patents), and the expiration of Asetek's patents asserted in its affirmative case in 2025, it appears "absolutely clear" that there is no justiciable controversy between the parties. *Already, LLC.*, 568 U.S. at 95.

Accordingly, Asetek's motion to dismiss Apaltek's FAC seeking declaratory relief and Case No. 23-01079 for lack of a case or controversy is GRANTED.

7

**CONCLUSION**

For the reasons discussed above, the motions to dismiss are GRANTED and both cases are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: June 6, 2023



William H. Orrick
United States District Judge

8